The Honorable Veo Easley State Representative P.O. Box 308 Sheridan, Arkansas 72150
Dear Representative Easley:
This is in response to your request, on behalf of the Mayor of the City of Sparkman, for an opinion regarding the investment of funds by the local Firemen's Pension and Relief Fund in that city. Specifically, the Mayor indicates that the Fund has been making investments pursuant to A.C.A. § 24-2-201, and has been using Stephens Incorporated as a purchasing agent for this purpose. A deputy legislative auditor determined that a money market account maintained by the Fund with Stephens was in conflict with A.C.A. § 24-11-805. The auditor also determined that Stephens appeared to be acting as an investment advisor to the fund, which is not authorized by A.C.A. § 24-11-805.
You have thus asked my opinion, on behalf of the Mayor, as to whether these findings are correct.
It is my opinion that the "money market" account described is not a statutorily authorized investment for the City of Sparkman's Firemen's Pension and Relief Fund. The question of whether Stephens, Inc. is acting on behalf of the Fund in a capacity unauthorized by law, is, however, a question of fact, which this office is not empowered to determine.
Allowable investments for local firemen's pension and relief funds are set out at A.C.A. § 24-11-805. This statute provides that the fund may invest in "interest-bearing bonds of the United States, of the State of Arkansas, or of the city where the board is located, or in certificates of deposit or time deposits in banks duly established and authorized to do business in this state, or in savings and loan associations duly established and authorized to do business in this state." A.C.A. § 24-11-805(b). The statute makes a distinction, however, for local pension funds with assets in excess of five hundred thousand dollars. These local funds may engage in a much broader range of investments than those listed above, and may employ an investment advisor to invest the assets. A.C.A. § 24-11-805(d).
It is my understanding that the City of Sparkman does not have assets in excess of five hundred thousand dollars. It is thus not authorized by A.C.A. § 24-11-805 to make any investments other than those enumerated above.[1]
The particular investment at issue here is the "Automated Government Money Trust." The prospectus for this investment states that it is "A no-load, open-end, diversified management investment company (a mutual fund) investing in short-term U.S. Treasury obligations. . . ." The prospectus also states that "An investment in the Trust is not insured or guaranteed by the U.S. government. The Trust attempts to maintain a stable net asset value of $1.00 per share, there is no assurance that the Trust will be able to do so."
In short, the investment in question is a mutual fund. Although the statewide "Arkansas Local Police and Fire Retirement System" and local police and fire pension funds with assets in excess of five hundred thousand dollars are authorized to invest in certain types of mutual funds (see A.C.A. § 24-10-402(a)(7)), local plans with less than five hundred thousand dollars are not so authorized. I must therefore conclude that the City of Sparkman's Firemen's Relief and Pension Fund is not authorized to hold this investment.
With regard to the Mayor's second question involving whether Stephens Inc. is acting in the capacity of an investment advisor contrary to A.C.A. § 24-11-805, I must note that this is a question of fact which this office is neither equipped nor empowered to answer. Determining the nature of this relationship will involve an analysis of the interaction between the parties. This office is not in a position to analyze such interaction. I will note, however, that local firemen's pension plans with assets of less than five hundred thousand dollars are not authorized by A.C.A. § 24-11-805 to employ "investment advisors." Section 24-9-204 of the Arkansas Code, however, authorizes all local firemen's pension boards to employ "commercial firms normally engaged in providing trust services" to provide such assistance as the board may reasonably require in the performance of its duties. Again, however, this office is not in a position to determine whether the actual relationship between the City of Sparkman's Firemen's Relief and Pension Fund and Stephens Inc. is sanctioned by the statutes.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Another statute may also be of relevance, however. Section24-2-201 of the Arkansas Code applies generally to "board[s] of trustees of any public employee retirement system of any political subdivision," and lists allowable investments for such funds. The list of allowable investments under this statute is substantially broader than that enumerated at A.C.A. § 24-11-805, which applies specifically to local firemen's pension funds. It is unclear if A.C.A. § 24-2-201, authorizing a broader range of investments, currently applies to local firemen's pension funds, as it was last amended in 1977, and A.C.A. § 24-11-805, which applies specifically to firemen's pension funds, was reenacted both in 1985 and 1989 with its more restrictive list of investments. It is unnecessary to determine, however, whether A.C.A. § 24-2-201 applies to local firemen's pension funds, because in any event, the "money market" fund at issue here is not authorized under either statute.